UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH B. MOORHEAD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | 2:03-cv-01588-TMH |
| Plaintiff, | ) ) | Judge Hardiman |
| vs. | ) ) | **Electronically Filed** |
| CONSOL ENERGY, INC., et al., | ) ) ) | <u>CLASS ACTION</u> |
| Defendants. | ) ) ) | STIPULATION OF SETTLEMENT |

This Stipulation of Settlement dated January 31, 2007 (the "Stipulation"), is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of himself and each of the Class Members), by and through his counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of this Court.

## I.    THE LITIGATION

On and after October 21, 2003, two purported securities class action complaints were filed in the United States District Court for the Western District of Pennsylvania (the "Court") on behalf of purchasers of CONSOL Energy, Inc. ("CONSOL" or the "Company") securities during the period January 24, 2002 through July 18, 2002 (the "Litigation"). Named as Defendants were CONSOL, J. Brett Harvey and William J. Lyons.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on February 18, 2004, Gus A. Karozos was appointed Lead Plaintiff and his choice of counsel was appointed Lead and Liaison Counsel. Lead Plaintiff maintained claims for alleged violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. Lead Plaintiff alleged that during the Class Period, Defendants made false or misleading statements about the status of many of the Company's contracts for coal, as well as regarding the Company's exposure to the spot coal market.

Following their appointment, Lead Plaintiff and his counsel conducted further investigation and, on May 5, 2004, Lead Plaintiff filed his Amended Class Action Complaint (the "Complaint").

On April 14, 2005, Chief Magistrate Judge Caiazza issued the Magistrate Judge's Report and Recommendation, which granted in part and denied in part Defendants' motion to dismiss. The Court issued its adoption of that Report and Recommendation on July 14, 2005. On September 7, 2005, Lead Plaintiff filed his First Amended Class Action Complaint (the "FAC"). Defendants moved to dismiss the FAC, Lead Plaintiff opposed the motion, and on April 21, 2006, the Court held oral argument on the motion and denied it in its entirety. At the invitation of District Judge Thomas M. Hardiman, on September 26, 2006, the parties engaged in mediation before the Honorable Daniel Weinstein (Ret.) and Lead Plaintiff and Defendants reached an agreement-in-principle to settle all claims in the Litigation, as set forth herein.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff in the Litigation and maintain furthermore that they have meritorious defenses. The Defendants expressly have denied and continue vigorously to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff or the Class have suffered any damages, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation. Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases

like this Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. The parties to this Stipulation recognize that the Litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable.

### III. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Counsel for the Lead Plaintiff also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Counsel for the Lead Plaintiff also are mindful of the inherent problems of proof and possible defenses to the violations asserted in the Litigation and the fact that, in any litigation, there exists a possibility that the Class could receive nothing or less than the settlement amount, even if they were to prevail at trial. Counsel for the Lead Plaintiff and the Lead Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, counsel for the Lead Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Class.

### IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for himself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation

shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

1.      **Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1      "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2      "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3      "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4      "Class" means all Persons who purchased CONSOL  securities during the Class Period.  Excluded from the Class are the Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of CONSOL, and the legal representatives, heirs, administrators, successors, or assigns of any such excluded Person.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members.

1.5      "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class.

1.6      "Class Period" means the period January 24, 2002 through July 18, 2002.

1.7      "CONSOL" means CONSOL Energy, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

1.8      "Court" means the United States District Court for the Western District of Pennsylvania.

1.9    "Defendants" means CONSOL and the Individual Defendants.

1.10    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met, have been waived or have occurred.

1.11    "Escrow Agent" means the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.12    "Final" means the latest of: (i) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation substantially in the form of Exhibit B attached hereto.

1.13    "Individual Defendants" means J. Brett Harvey and William J. Lyons.

1.14    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.15    "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Samuel H. Rudman, 58 South Service Road, Suite 200, Melville, New York 11747.

1.16    "Lead Plaintiff" means Gus A. Karozos.

1.17    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), professional corporation, limited liability corporation (LLC), association, joint stock company, estate, legal representative, trust, unincorporated association, government or

any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18    "Plaintiff's Counsel" means any counsel who have appeared on behalf of any plaintiff in the Litigation.

1.19    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.20    "Related Parties" means each of a Defendant's past or present directors, officers, employees, insurers, agents, consultants, stockholders, co-insurers, reinsurers, attorneys, accountants or auditors, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

1.21    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.25 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, recklessness, intentional conduct, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal common law or statutes, rules or regulations, by the Lead Plaintiff or any Class Member against the Released Persons (as defined

below) arising out of, based upon or related in any way to the purchase or other acquisition of CONSOL securities by the Lead Plaintiff or any Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failure(s) to act alleged or that could have been alleged in the Litigation by the Lead Plaintiff.

1.22    "Released Persons" means each and all of the Defendants and their Related Parties.

1.23    "Settlement Fund" means the principal amount of Two Million Seven Hundred Thousand Dollars ($2,700,000) in cash, which shall be paid or caused to be paid by Defendants, plus all interest earned thereon.

1.24    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of himself and the Members of the Class.

1.25    "Unknown Claims" means any claims or causes of action that Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common

law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly waive, settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts against any and all Released Persons. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2. The Settlement

#### a. The Settlement Fund

2.1    The Settlement Fund shall be transferred to the Escrow Agent on or before the 10th business day following receipt of (i) the Court's order of preliminary approval of the settlement, or (ii) full wire instructions (including an executed IRS Form W-9), whichever of (i) or (ii) occurs later. If the Settlement Fund is not timely transferred to the Escrow Agent, the unpaid amount shall accrue interest at the three-month LIBOR rate plus one percent until paid.

#### b. The Escrow Agent

2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these

instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants and Lead Counsel.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class Members as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Within five (5) days after the delivery of the Settlement Fund to the Escrow Agent, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $100,000 from the Settlement Fund in it. The Class Notice and Administration Fund shall be used by Lead Counsel to pay costs and expenses reasonably and actually incurred, if any, in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.2 of this Stipulation. Through the Effective Date and for so long as the Stipulation, any Order of Court, or the Supplemental Agreement allows for the possibility that all or part of the Settlement Fund would be refunded to Defendants pursuant to §§7.1 through 7.7 hereof, the costs and expenses of class notice and administration shall not exceed $100,000 (the "Expense Limitation").

### c.    Taxes

2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they have any liability therefor.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

### d.     Termination of Settlement

2.8     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the parties agree that the Escrow Agent shall refund to the Defendants, the Settlement Fund (including accrued interest) less expenses of class notice and administration actually incurred or due and owing up to the Expense Limitation within ten (10) business days after written notification to the Escrow Agent of such event.

3.    **Notice Order and Settlement Hearing**

3.1    As soon as practical following execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3.2    Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

3.3    At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment, substantially in the form attached hereto as Exhibit B:

(a)    finally approving the settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)    directing that the Litigation be dismissed without costs and with prejudice, and releasing, as against the Released Persons, the Released Claims;

(c)    permanently barring and enjoining the institution and prosecution, by Lead Plaintiff and the Class Members, of any other action against the Released Persons in any court asserting any Released Claims;

(d)    reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation and enforcement of this Stipulation; and

(e)    containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

3.4    The Settling Parties hereby stipulate to certification of the Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Stipulation and the settlement set forth herein.  The certification of the Class shall be binding only with respect to the settlement of the Litigation and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

3.5    If, for any reason, this Stipulation is terminated, or if the Effective Date for any reason does not occur, the certification of the Class shall automatically be vacated, *nunc pro tunc*.  In such case, neither this Stipulation nor any order of this Court certifying the Class will be binding on any of the Settling Parties, and Defendants may oppose and assert all objections to certification of any class or subclass sought by any party to the Litigation.

**4.    Releases and Dismissal of Action**

4.1    Upon the Effective Date, as defined in ¶1.10 hereof, Lead Plaintiff and each of the Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Lead Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be

permanently barred and enjoined from instituting, commencing or prosecuting any such Released Claim, whether or not such Class Member executes and delivers the Proof of Claim and Release.

4.2    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Released Claims as against all Released Persons.

4.3    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.4    Upon the Effective Date, as defined in ¶1.10 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiff from all claims, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of: (i) the Litigation, or (ii) the Released Claims.

**5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel, as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay counsel to the Lead Plaintiff's attorneys' fees, expenses and costs (including the expenses, including lost wages, of the Lead Plaintiff) with interest thereon, to the extent provided in ¶6.1 (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the

filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying bank escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late filed claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

5.7     The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against Lead Counsel, the Claims Administrator or their counsel, or against the Released Persons, based on the investments, costs, expenses, administration, allocation, payment and distributions that are made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.     Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for an award of attorneys' fees and reimbursement of expenses incurred in connection with prosecuting the Litigation, plus any interest

on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Lead Counsel reserve the right to make additional applications for fees and expenses incurred. The Lead Plaintiff may submit an application for reimbursement to him from the Settlement Fund of his expenses (including lost wages) incurred in representing the Class in the Litigation.

6.2    The attorneys' fees, expenses and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund in accordance with the Court's order awarding such fees and expenses. So long as Plaintiffs' Counsel are not requesting an award of attorneys' fees, expenses and costs before final approval of the settlement, Defendants agree that they shall take no position, either before or against the timing of the disbursement of attorneys' fees requested by Plaintiffs' Counsel. Lead Counsel shall thereafter allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel and each other Plaintiffs' Counsel's law firm shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees, expenses and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     The Released Persons shall have no responsibility for, or interest in, or liability whatsoever with respect to any payment to Lead Counsel or any Plaintiffs' Counsel from the Settlement Fund or otherwise, or the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.5     No order of the Court or modification of reversal on appeal of any order of the Court concerning any Fee and Expense Award or Plan of Allocation shall constitute grounds for cancellation or termination of this settlement.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants have timely deposited or caused to be deposited the Settlement Fund as set forth in ¶2.1;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

- 18 -

(d)    the Judgment has become Final, as defined in ¶1.12 hereof; and

(e)    Defendants have not exercised their option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶7.2.

7.2    If prior to the Settlement Hearing, Persons who otherwise would be Class Members have submitted timely and valid requests for exclusion from the Class in accordance with the provisions of the Notice and such Persons have purchased in the aggregate a total number of shares greater than the number specified in a separate supplemental agreement (the "Supplemental Agreement"), Defendants shall have the option (which option must be exercised unanimously) to terminate the Stipulation in accordance with the provisions set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises and in that event, the Supplemental Agreement shall be filed and maintained by the Court under seal.

7.3    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the releases provided for herein shall be effective. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants, or Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses, taxes and any costs which have either been disbursed pursuant to ¶2.6 hereof up to the

Expense Limitation, or are determined to be chargeable to the Class Notice and Administration Fund, up to the Expense Limitation, shall be refunded by the Escrow Agent pursuant to written instructions from Defendants' counsel. At the request of counsel to the Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund (which fees and expenses shall be counted for purposes of the Expense Limitation) at the written direction of counsel to the Defendants, consistent with the terms of ¶2.8 hereof.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of January 22, 2007. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 2.8, 6.2-6.5, 7.4-7.7, 8.2-8.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. In no event shall this Stipulation or any term or provision hereof be admissible in evidence in the Litigation. No order of the Court, modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award by the Court to the Lead Plaintiff or his counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor his counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund, except to the extent such amounts exceed the Expense Limitation. In addition, subject to the Expense Limitation, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund

pursuant to ¶2.8 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.4 hereof.

7.7    The schedule reflected in the Notice shall provide that any request for exclusion forms must be submitted at least twenty-one (21) calendar days prior to the Settlement Hearing and that within three (3) business days of receipt by Lead Counsel or the Claims Administrator of any timely and valid request for exclusion forms, copies of such forms shall be provided to counsel for the Defendants.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation and the Released Claims.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement  were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  The Judgment will contain a finding that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Settling Parties may issue

a press release or make any statements or filings required by law concerning the settlement but may not contradict any of the foregoing language in this ¶8.2.

8.3     Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.  This Stipulation's terms may not be waived except in writing signed by the party granting the waiver.

8.7     This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits or the Supplemental Agreement other than the representations, warranties and covenants contained and

memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8     Lead Counsel, on behalf of the Class, is expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.11     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13     This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Pennsylvania, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the Commonwealth of Pennsylvania without giving effect to that Commonwealth's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed by their duly authorized attorneys, dated as of January 31, 2007.

LAW OFFICE OF ALFRED G.
  YATES, JR., PC
ALFRED G. YATES, JR. (PA17419)
GERALD L. RUTLEDGE (PA62027)


            s/ Alfred G. Yates, Jr.
_____
            ALFRED G. YATES, JR.

519 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone:  412/391-5164
412/471-1033 (fax)
yateslaw@aol.com

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
LAURA M. ANDRACCHIO
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
MARC A. TOPAZ
280 King of Prussia Road
Radnor, PA  19087
Telephone:  610/667-7706
610/667-7056 (fax)

ADEMI & O'REILLY, LLP
GURI ADEMI
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: 414/482-8000
414/482-8001 (fax)

Attorneys for Plaintiff

STRASSBURGER, MCKENNA, GUTNICK &
  POTTER
HARRY F. KUNSELMAN

_Harry F Kunselman_
HARRY F. KUNSELMAN

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (12/281-5423
412/281-8264 (fax)

Attorneys for Defendants

S:\Settlement\Consol Energy.set\STP 00037011.doc

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail: Elleng@lerachlaw.com

# Mailing Information for a Case 2:03-cv-01588-TMH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Guri Ademi**
  gademi@ademilaw.com

- **Mario Alba, Jr**
  Malba@lerachlaw.com

- **Russell J. Gunyan**
  rgunyan@lerachlaw.com

- **H. Yale Gutnick**
  ygutnick@smgplaw.com dsalicce@smgplaw.com;smorgan@smgplaw.com

- **Harry F. Kunselman**
  hkunselman@smgplaw.com emarino@smgplaw.com

- **David A. Rosenfeld**
  DRosenfeld@lerachlaw.com

- **Samuel H. Rudman**
  srudman@lerachlaw.com

- **Gerald L. Rutledge**
  yateslaw@aol.com

- **E. J. Strassburger**
  ejstrass@smgplaw.com dsalicce@smgplaw.com

- **Marc A. Topaz**
  ecf_filings@sbclasslaw.com

- **Alfred G. Yates, Jr**
  Yateslaw@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)